IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOROTHY E. HENSLEY, | ) | |
| Plaintiff, | ) | Civil Action No. 05 - 0725 |
| | ) | |
| v. | ) | Judge Gary L. Lancaster |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| HAROLD J. KIRK and | ) | |
| LANDAIR TRANSPORT, INC., | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

I.  Recommendation

It is respectfully recommended that this case be dismissed with prejudice and in accordance with Fed. R. Civ. P. 41(b) for failure to prosecute and to comply with this Court's Order. It is further recommended that Defendants' request that Plaintiff be compelled to pay a $600 cancellation fee assessed for her failure to appear for a scheduled independent medical examination ("IME") be denied.

II.  Report

A.  Factual and Procedural History

By Complaint dated May 24, 2005, Plaintiff commenced this action seeking damages alleged to arise from a motor vehicle accident occurring almost two years prior, *i.e.*, June 6, 2003. At that time, Plaintiff was represented by Attorney J. Davy Yockey ("Plaintiff's Counsel") and her address of record was in the State of Washington,.

This Court's Initial Scheduling Order required that discovery be completed by October 31, 2005, but that deadline was subsequently extended, in accordance with counsels' Joint Motion, to December 31, 2005.  Defendants attest that Defense Counsel made several attempts to schedule Plaintiff's deposition in either the Commonwealth of Pennsylvania or the State of Washington (where they were advised Plaintiff was receiving chemotherapy treatments) to no avail.  See Defendants' Motion to Dismiss at ¶¶ 4-6.   Ultimately, Plaintiff's IME and deposition were scheduled for December 15, 2005.

In late November, Plaintiff's Counsel advised Defendants that Plaintiff was obtaining new counsel, but that all information regarding her scheduled IME and deposition had been faxed to her.  Defense Counsel continued to attempt to confirm Plaintiff's IME and deposition with Plaintiff's Counsel, but were repeatedly advised that Plaintiff remained unresponsive to her Counsel's attempts to communicate.  Plaintiff did not appear for the scheduled December 15, 2005, and Defendants were assessed a $600 cancellation fee by the physician's office.

Defendants then re-noticed Plaintiff's deposition for December 28, 2005 and filed a Motion to Compel her attendance.  Plaintiff's Counsel filed a Motion to Withdraw, citing "irreconcilable conflict."  Following a telephone conference with counsel on December 19, 2005, during which Plaintiff's Counsel again advised that he was unable to contact his client, this Court denied Defendant's Motion but directed that should Plaintiff again fail to appear for deposition Defendants should subpoena her.  The discovery deadline was extended another sixty (60) days and the Court granted Plaintiff's Counsel's Motion to Withdraw.

Plaintiff did not appear for her December 28, 2005 deposition and Defendants accordingly subpoenaed Plaintiff to appear for deposition on February 2, 2006.  Service of said

subpoena was attempted at Plaintiff's last known address in the State of Washington. Defense Counsel received from a process server an Affidavit of Non-Service indicating that an individual residing at Plaintiff's address said she had moved to Western Oregon approximately two months prior (*i.e.*, late November, 2005) and left no forwarding address. A photocopy of the deposition notice and subpoena sent to Plaintiff's address of record was signed for by an "L. Zomora". Plaintiff again failed to appear for deposition on February 2, 2006. No new counsel has ever entered an appearance in this case or otherwise contacted this Court. Nor has Plaintiff ever informed this Court of any change of address.

Accordingly, on February 13, 2006, Defendants filed a Motion to Dismiss for Failure to Prosecute and Motion to Compel Plaintiff to Pay Costs Associated with Failing to Attend Her Scheduled Independent Medical Evaluation. By Order of February 14, 2006, this Court directed that Plaintiff file a Response no later than March 13, 2006. It specifically warned Plaintiff that failure to do so could result in a recommendation that the Motion be granted without benefit of her response. Said Order was sent by Certified Mail, Return Receipt Requested to Plaintiff's last known address in the State of Washington. Plaintiff has not responded.

B. <u>Standard Under Rule 41(b)</u>

Under Fed. R. Civ. P. 41(b), a claim or action may be dismissed "[f]or failure of the plaintiff to prosecute or to comply with . . . any order of court." The Rule requires that federal actions be prosecuted with reasonable diligence and, in the event of delay, the plaintiff bears the initial burden of explanation. Absent other specification by the Court, a dismissal under Rule 41(b) operates as an adjudication on the merits. In addition, a Rule 41(b) dismissal is a matter

committed to the sound discretion of the trial court.  See Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874-75 (3d Cir. 1994); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (noting that "decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by [Circuit] Court - a court which has had no direct contact with the litigants and whose orders, calendar, docket and authority have not been violated or disrupted").

The Supreme Court has held that a district court has the inherent power to dismiss a case, even with prejudice, for lack of prosecution, explaining that such authority is governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962) (decreeing availability of, and criteria for, dismissal with prejudice for failure to prosecute).[1]

The Third Circuit has subsequently detailed the factors that this Court must consider before dismissing a case for failure to prosecute.  See Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).  They are: (1) extent of personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) wilfulness or bad faith by the party or his counsel, (5) effectiveness of alternative sanctions, and (6) meritoriousness of claim.[2]

---

1.  See also Tashima & Wagstaffe, Federal Civil Procedure Before Trial § 16:492:20.  The power has its roots in common law judgments of *non suit* and *non presequitur*.

2.  See also Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339 (3d Cir. 1982) (requiring that district court consider less sever sanctions prior to dismissing an action with prejudice for failure to prosecute).

   Other Courts have identified similar factors.  See, *e.g.*, Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (listing factors, including whether plaintiff "was on notice that failure to comply would result in dismissal" and consideration of alternative sanctions); Yourish v. Calif.

(continued...)

C. <u>Analysis</u>

1. <u>Dismissal for Failure to Prosecute</u>

In the instant case, the record indicates that Plaintiff has (1) failed to cooperate with discovery since filing of the Complaint almost a year ago, (2) terminated her relationship with counsel and failed to obtain other counsel, (3) apparently changed residence without notice to this Court of the change in her address of record, and (4) perhaps disregarded the Court's express Order. At no time since Plaintiff's failure to appear for scheduled IME and/or deposition, and at no time since her apparent decision to terminate her relationship with counsel, has Plaintiff communicated with the Court. And Plaintiff had, of course, an obligation to notify the Court of any change of address. In these circumstances the Court, mindful of the <u>Poulis</u> criteria, concludes that it is appropriate to dismiss the case. More particularly:

Because she is no longer represented by counsel, Plaintiff is held personally responsible for her failure to prosecute.[3]

---

2. (...continued)
<u>Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999) (holding that in determining involuntary dismissal, factors to be considered include court's need to manage docket, warnings to plaintiff, and availability of lesser sanctions).

3. <u>Cf.</u> <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1375 (3d Cir. 1992) (observing that "[t]he district courts cannot, and should not, tolerate unjustifiable delays and the expenditure of irreplaceable judicial resources caused by litigants, *pro se* or represented"); <u>Smith v. Harris</u>, 1986 WL 14170 (E.D. Pa. Dec. 10, 1986) (noting, in weighing <u>Poulis</u> factors, that plaintiff had shown "little interest in pursuing" the suit, been "out of touch with his attorney for an extended period").

Plaintiff has a ten-month history of failure to litigate this action, and her disregard of the scheduled discovery and failure to communicate with the Court demonstrates deliberate conduct,[4] although it is short of willfulness or bad faith as the Circuit Court has defined it.[5]

There has been prejudice to the Defendants in the form of diminished memory of witnesses to the June, 2003 accident, as well as time and cost expenditures incurred owing to Plaintiff's non-compliance with discovery.[6] Plaintiff's delay is also impeding the Court's efforts toward efficient case and docket management. More specifically, it appears to the Court that Plaintiff has abandoned the prosecution of this case and her failure to so notify the Court or to advise the Court of her whereabouts is prejudicing the orderly disposition of this matter.[7]

As discussed, *supra*, in February this Court issued an Order requiring Plaintiff to respond to the Motion to Dismiss and cautioning Plaintiff that failure to do so could result in dismissal. Plaintiff has not responded to this last opportunity to proceed with her case in accordance with the Federal Rules. Cf. Ferdik Bonzelet, 963 F.2d 1258, 1261-62 (9th Cir. 1992) (consideration of alternatives is satisfied where court expressly warned that failure to abide by court order

---

4. Cf. Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 343 (3d Cir. 1982) (noting absence of history of "*deliberately* proceeding in a dilatory fashion") (emphasis in original).

5. See Scarborough v. Eubanks, 747 F.2d 871, 875 (3d Cir. 1984) (reversing dismissal with prejudice and defining willful conduct as "strategic or self-serving", rather than "inexcusable negligent behavior").

6. Cf. id. at 876 (explaining that examples of prejudice include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party"); Bedwell & Sons, Inc. v. International Fidelity Ins. Co., 843 F.2d 683, 693 (3d Cir. 1988) (noting that prejudice also includes costs expended as a result of opponent's non-compliance, such as costs in obtaining court orders).

7. See Mindek, 964 F.2d at 1370 (noting that "[j]udicial resources are too valuable to be squandered on wasteful proceedings").

would result in dismissal); Titus v. Mercedes Benz of North America, 695 F.2d 746, (3dCir. 1982) (including warning among possible sanctions available prior to dismissal). The Court does not believe monetary sanctions would be useful under the circumstances of this case.

Finally, owing to Plaintiff's failure to prosecute, the Court is unable to make any evaluation of the substantive merits of the claim.

Thus, having full considered the requisite criteria in light of the history of this case, the Court now recommends dismissal. See Orgeta v. Apfel, 5 Fed. Appx. 96 (2d Cir. Mar. 19, 2001) (affirming district court's dismissal for failure to prosecute where plaintiff undertook no action beyond filing complaint and failed to comply with court order warning dismissal); Reynel v. Barnhart, 2002 WL 2022429 (S.D.N.Y. Sept. 3, 2002) (holding that failure to pursue, including failure to comply with court's order directing him to show cause why complaint should not be dismissed, warranted dismissal); Handley v. Halter, 2001 WL 1456760 (N.D. Cal. Oct. 26, 2001) (dismissing where plaintiff failed to respond to court's show cause order); Ramos v. Barnhart, 2005 WL 356820 (W.D. Tex. Jan. 31, 2005) (same).[8]

2. Costs Associated with IME

The facts of this case, as recited in Defendants' own pleadings, suggest that Defendant was on reasonable notice that Plaintiff's December 15, 2005 IME and deposition were not likely

---

8. Cf. also Hudson v. Coxon, 149 Fed. Appx. 118 (3d Cir. 2005) (noting, in reversing dismissal, that the court neither warned plaintiff that failure to respond could lead to dismissal, nor even considered whether a warning could be effective); Kruger v. Apfel, 214 F.3d 784, 787 (7th Cir. 2000) (cautioning that magistrate should not recommend dismissal for failure to prosecute in Report and Recommendation without prior explicit warning).

to occur. Defendants were repeatedly advised that Plaintiff was not responding to communications from her Counsel. Under these circumstances, in the exercise of discretion, the Court should decline to impose costs on Plaintiff. Dismissal of the case is sanction enough for Plaintiff's conduct in this matter.

III. Conclusion

For the reasons discussed above, it is recommended that Defendant's Motion for dismissal for failure to prosecute be granted and that Defendant's Motion for costs associated with the cancelled IME be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
United States Magistrate Judge

Dated: March 20, 2006

cc:  Judge Gary L. Lancaster
    United States District Court

    Counsel of Record

    Dorothy E. Hensley
    47 Southeast and 10th Avenue
    College Place, Washington  99324